## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL MICKLE, BRENT BONNSTETTER,<br>STEVE MEDLEY, and NORMA CASSIDY,<br><br>Plaintiffs,<br><br>v.<br><br>WELLMAN PRODUCTS LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 08-CV-0297-CVE-PJC

## OPINION AND ORDER

Now before the Court is "Plaintiffs' Motion to Remand Case to State Court Pursuant to 28 U.S.C §1447(C) and Brief in Support" (Dkt. # 16). Plaintiffs argue that this Court lacks jurisdiction over this case because the parties are not diverse and plaintiffs' claims arise solely under state law. Defendant responds that plaintiffs are seeking relief under the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA") and this Court has federal question jurisdiction over plaintiffs' claims for overtime compensation.

## I.

On October 16, 2007, Paul Mickle filed a lawsuit in Tulsa County District Court on behalf of himself and similarly situated employees of Wellman Products LLC ("Wellman") alleging that Wellman employed Mickle at a manufacturing plant in Catoosa, Oklahoma. Although the complaint provided no details, Mickle stated that:

> Wellman engaged in a scheme that deliberately failed to pay Mickle and other similarly situated hourly employees for all time worked. Though Mickle and others would be "clocked in" and working Wellman consistently and deliberately chose not to pay them for all of their work time. The pay check stubs issued to Mickle and other hourly employees consistently and clearly showed that they were not paid for all hours worked.

Dkt. # 3-3, Ex. A, at 3.  Mickle sought relief for alleged violations of the Oklahoma Labor Code and breach of implied or express contract.  Wellman served requests for admission on Mickle directed at discovering whether the amount in controversy exceeded $75,000 or whether Mickle was seeking relief under the FLSA.  Mickle denied that the value of his claims exceeded $75,000.  In response to requests for admission concerning his claim for overtime compensation, he provided the following responses:

**REQUEST FOR ADMISSION NO. 3.**

Admit that you are seeking recovery of overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER**

Denied.

**REQUEST FOR ADMISSION NO. 4**

Admit that you are not and will not seek recovery of overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER**

Denied.

**REQUEST FOR ADMISSION NO. 5**

Admit that you are not and will not seek recovery of overtime premiums under any theory.

**ANSWER**

Denied.

Id., Ex. G, at 50.  Mickle subsequently filed an amended complaint in state court adding six plaintiffs and three claims for relief and he renewed his request for class certification.[1]  Dkt. # 3-2. Wellman filed a motion to dismiss plaintiffs' claims for breach of contract, tortious breach of contract, breach of employment contract in violation of the Oklahoma Labor Code, and fraud.  The state court dismissed plaintiffs' claim alleging violations of the Oklahoma Labor Code, but denied the motion to dismiss in all other respects.

Wellman took depositions of several plaintiffs from May 5 to May 8, 2008.  Wellman's counsel asked Mickle if he understood that Wellman's employee handbook was not a contract and Mickle agreed.  Dkt. # 23-2, Ex. 1, at 3-5.  When Wellman's counsel asked Mickle about his claim for damages, Mickle admitted that he was seeking time and a half on behalf of himself and others. Id. at 11-12.  Three other plaintiffs also stated that they were seeking an overtime premium as an element of damages if they were not paid for time in excess of 40 hours per week.  See id., Ex.  2, at 9 (deposition testimony of Norma Cassidy); id., Ex. 3, at 9 (deposition testimony of Brent Bonnstetter); id., Ex. 4, at 8 (deposition testimony of Steve Medley).  In particular, Medley stated that "the law" required Wellman to pay time and a half and he identified the FLSA as his legal basis for making this claim.  Id., Ex. 4, at 8.

Based on this deposition testimony, Wellman filed a notice of removal in this Court on the ground that plaintiffs were seeking a remedy under the FLSA and this Court had federal question

---

[1]   Although not stated in the complaint or the amended complaint, it appears that plaintiffs are hourly employees claiming that Wellman's practice of rounding time-card punch times resulted in underpayment of wages to employees.  For example, plaintiffs assert that employees would begin work at 6:40 a.m., even though their shift was not scheduled to begin until 7:00 a.m.  They allege that the punch-time would be rounded up to 7:00 a.m and, thus, they were not paid for the 20 minutes between 6:40 and 7:00 a.m.  See Dkt. # 16, at 4. Plaintiffs provide other similar examples to demonstrate the nature of their claims.

jurisdiction over this case.[2]  Dkt. # 9, at 1.  Wellman admits that plaintiffs' amended complaint does not reference federal law or state a federal claim.  Id. at 6.  However, it argues that "Oklahoma law has no provision for the payment of an overtime premium for any hours worked by an non-exempt employee in excess of 40 in any given work week, and to the extent that Plaintiffs are claiming a right to such overtime premium as part of their claim for back wages, they must do so pursuant to FLSA."  Id. at 7.  Wellman also relies on Mickle's equivocal responses to requests for admission concerning the nature of his claims and asserts that plaintiffs are attempting to artfully plead their claims to defeat federal subject matter jurisdiction.

Plaintiffs filed a motion to remand asserting that the amended complaint states claims for relief based solely on state law.  Specifically, they claim that Wellman's employee handbook permits an employee to recover time and a half and the employee handbook constitutes a binding contract between Wellman and its employees.  In the employee handbook, Wellman agreed to pay overtime under the following conditions:

- One and one-half (1 1/2) times the base time hourly rate of pay for hours worked in excess of 40 hours.

- One and one-half (1 1/2) times the base time hourly rate of pay for time worked on Sunday (unless Sunday is a regularly scheduled workday or unless Sunday is the seventh consecutive worked day.)  If Sunday is the seventh consecutive day and work was approved in advance by the supervisor in the same week then we will double time for hours worked on Sunday.

- One and one-half (1 1/2) times the base hourly rate of pay for time worked on holidays, plus eight (8) hours of holiday pay.

---

[2]      The notice of removal (Dkt. # 3) contained a clerical error and Wellman filed an amended notice of removal (Dkt. # 9).  When referring to the notice of removal in this Opinion and Order, the Court is referring to the amended notice of removal.

- Additional compensation will be paid as straight time to salaried exempt Supervisors who are required to work a sixth or seventh day in any given week while in direct supervision of their manufacturing operations.

Dkt. # 23, Ex. 5, at 4. Plaintiffs argue that this creates an implied contract between Wellman and

its employees that is enforceable under Oklahoma law. Wellman responds that plaintiffs are seeking

relief that is available to them under federal law only and, even if plaintiffs have artfully pled their

complaint to avoid mention of federal law, plaintiffs are seeking a remedy provided solely by federal

law. Wellman also argues that the employee handbook states numerous times that it is not a

contract, and the handbook may not be used to support a claim for breach of implied contract.

## II.

Defendant argues that this case arises under federal law, even though the complaint does not

state a federal claim, because plaintiffs' alleged right to overtime compensation rises solely under

federal law. As the party asserting federal question jurisdiction, defendant has the burden to

establish that the Court has jurisdiction over plaintiffs' claims. Martin v. Franklin Capital Corp.,

251 F.3d 1284, 1290 (10th Cir. 2001); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).

In Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987), the Supreme Court set forth the general

principles for determining whether a complaint states a claim arising under federal law:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

5

Id. at 392.  A defendant may not rely on a federal defense to a state law claim as a basis for removal. Topeka Housing Authority v. Johnson, 404 F.3d 1245, 1247 (10th Cir. 2005).

Preemption is a defense to a state law claim and, because this defense does not appear in a well-pleaded complaint, the existence of a federal preemption defense ordinarily does not authorize removal. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).  Defendant impliedly argues that the FLSA completely preempts state laws regulating the payment of overtime premiums.  Complete preemption is an exception to the well-pleaded complaint rule.  "When the doctrine is properly invoked, a complaint alleging only a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim "necessarily federal in character." Schmeling v. NORDAM, 97 F.3d 1336 (10th Cir. 1996) (quoting Metropolitan Life, 481 U.S. at 63-64)); see also Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("once 'an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'").  Few statutes completely preempt state law, but examples include the Employee Retirement Income Security Act, 29 U.S.C. § 1101 et seq., and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  Felix v. Lucent Technologies, Inc., 387 F.3d 1146 (10th Cir. 2004).

### III.

Plaintiffs argue that this case was improperly removed to federal court because the amended complaint alleges only state law claims.  They claim that defense counsel "bull[ied] volunteer class representatives . . . with repeated improper questions calling for legal conclusions" and the deposition testimony purportedly supporting removal should not be considered by the Court. Defendant responds that the FLSA provides the exclusive remedy to recover overtime premiums

and, regardless of whether plaintiffs pled a federal claim, plaintiffs' claim for overtime compensation arises under federal law.

The basis for plaintiffs' motion to remand is that Oklahoma law, rather than the FLSA, creates a distinct cause of action for overtime compensation, and plaintiffs may choose between state and federal remedies when filing their complaint. While plaintiffs are correct that Oklahoma law permits a claim for breach of implied contract in some cases, plaintiffs may not wholly disregard the FLSA when filing a case to recover overtime compensation. An employee handbook may provide overtime compensation more generous than the minimum standards required by the FLSA but, if the handbook shows an intent to incorporate the FLSA's standards, the FLSA must be considered when construing the handbook. Avery v. City of Talladega, Alabama, 24 F.3d 1337 (11th Cir. 1994). If a plaintiff's common law claims are merely duplicative of the remedies provided by the FLSA, the common law claims are preempted. Anderson v. Sara Lee Corp., 508 F.3d 181,194 (4th Cir. 2007). However, the FLSA does not preempt state law remedies that are more generous than those provided by the FLSA. 29 U.S.C. § 218(a); Williamson v. General Dynamics Corp., 208 F.3d 1144, 1150 (9th Cir. 2000).

Even if the FLSA preempts some state law claims, the FLSA does not completely preempt state law claims such that any claim seeking unpaid overtime compensation is inherently federal in character. The FLSA has a savings clause that permits states to enact laws providing more generous benefits than the FLSA. 29 U.S.C. § 218(a). This plainly shows that Congress did not intend to occupy the field of labor regulation so pervasively that any state law claim seeking overtime compensation is completely preempted. See Wyoming v. United States, 279 F.3d 1214, 1234 (10th Cir. 2002) (use of savings clause in statute implies that Congress intended for conflict, rather than

7

complete, preemption principles to apply when interpreting a statute).  The Court has not located any cases applying complete preemption to the FLSA, nor does the Court find any indication that Congress intended for the FLSA to preempt all state regulation concerning overtime compensation.

Defendants argue that plaintiffs have not stated a valid state law claim and, since plaintiffs are seeking a remedy provided by federal law, plaintiffs must intend to allege an FLSA claim. However, Oklahoma law provides a claim for breach of an implied contract created by the terms of an employee handbook.  Under Oklahoma law, an employee handbook may form the basis of an implied contract between an employer and its employees if four traditional contract requirements exist: (1) competent parties; (2) consent; (3) a legal object; and (4) consideration.  Russell v. Bd. of County Comm'rs, Carter County, 952 P.2d 492, 501 (Okla. 1997).  There are two limitations on the scope of implied contracts through an employee handbook: (1) the handbook alters the at-will relationship only with respect to accrued benefits; and (2) the promises in the employee handbook must be in definite terms, not in the form of vague assurances.  Selfridge v. Dollar Gen. Corp., Inc., 9 P.3d 695, 698 (Okla. Ct. App. 2000).  If the handbook contains a disclaimer that it does not create a binding contract between employer and employee, the disclaimer must be clear and the employer's conduct may negate the disclaimer.  Id.

The Court finds that defendant's notice of removal simply raises preemption as a defense and removal of this case was not appropriate.  All of the cases cited by defendant concerning the effect of the FLSA on duplicative state law claims address situations in which the plaintiff clearly pled state law claims in addition to an FLSA claim.  See Roman v. Maietta Constr., Inc., 147 F.3d 71 (1st Cir. 1998); Chen v. St. Beat Sportswear, Inc., 364 F. Supp. 2d 269 (E.D.N.Y. 2005); Johnston v. Davis Sec., Inc., 217 F. Supp. 2d 1224 (D. Utah 2002); Alexander v. Vesta Ins. Group, Inc., 147 F.

Supp. 2d 1223 (N.D. Ala. 2001).  Even if the Court were to find that the FLSA preempted some or all of plaintiff's claims, this would still be a defense to plaintiffs' state law claims and the Court may not exercise federal question jurisdiction over a removed case based solely on a federal defense to a state law claim.  Felix, 387 F.3d at 1156 ("federal preemption is a defense and generally does not authorize removal").  Although the FLSA is ordinarily the statute used to recover unpaid overtime compensation, plaintiffs have elected to pursue state law claims only.  This Court may not assess the merits of those state law claims or question the wisdom of plaintiffs' decision, because it lacks jurisdiction to hear this case.[3]  The mere fact that plaintiffs are seeking overtiime premiums does not automatically convert their claims into an FLSA claim.  Plaintiffs' deposition testimony does not clearly show an intent to assert an FLSA claim and, in any event, the types of legal claims raised by plaintiffs is a matter for them to decide in consultation with their counsel.  If plaintiffs have decided not to file an amended complaint alleging an FLSA claim, it is a reasonable assumption that plaintiffs do not intend to seek relief under the FLSA at this time. Of course, should plaintiffs file an amended complaint asserting an FLSA claim, the case could become removable.  See 28 U.S.C. § 1446(b).

Plaintiffs' request for attorney fees is denied.  There is no doubt that plaintiffs' evasive discovery responses caused confusion about the nature of their claims and they may not fault defendant for attempting to remove this case to federal court.  As the masters of their complaint,

---

[3]     Defendant claims that the employee handbook repeatedly disavows any intention to treat the handbook as a contract between Wellman and its employees.  However, the validity of this disclaimer is a factual issue and the Court would be exceeding its authority if it discussed the merits of plaintiffs' claim.  For purposes of a motion to remand, the existence of a factual dispute does not convert a state law claim, even a questionable state law claim, into a federal question under 28 U.S.C. § 1331.

plaintiffs had the right to choose between available remedies.  However, the FLSA provides the most comprehensive and commonly used remedy to recover overtime compensation, and defendant could reasonably have assumed that plaintiffs intend to invoke the FLSA.  The standard for awarding fees under 28 U.S.C. § 1447(c) turns on the "reasonableness" of defendant's decision to file a notice of removal and, when a defendant has an objectively reasonable basis to seek removal, attorney fees should not be awarded.  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).  In this case, defendant's notice of removal was based on plaintiff's discovery responses and deposition testimony and, even if removal was unsuccessful, the Court finds that defendant's notice of removal was based on reasonable factual and legal grounds.

**IT IS THEREFORE ORDERED** that "Plaintiffs' Motion to Remand Case to State Court Pursuant to 28 U.S.C §1447(C) and Brief in Support" (Dkt. # 16) is **granted**.  The Court Clerk is directed to remand this case to the District Court of Tulsa County.

**DATED** this 20th day of August, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

10